IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYLER S. PHILLIPS,

    Plaintiff,

v.                                                                   No. 22-cv-00773-JCH-SCY

CURRY COUNTY DETENTION
CENTER, ROOSEVELT COUNTY
DETENTION CENTER, LIEUTENANT
GALLEGOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff Tyler S. Phillips' Amended Prisoner Complaint for Violation of Civil Rights, filed October 10, 2023. (Doc. 8) (the "Complaint"). Plaintiff is proceeding pro se, and the Complaint is based on events that occurred while he was in custody at the Curry County and Roosevelt County Detention Centers, respectively. (Doc. 8 at 4). Plaintiff seeks to state a § 1983 claim for false imprisonment after he was wrongfully held in jail for approximately two months beyond his expected release date. (Doc. 8 at 3). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff shall have thirty days within which to file a second amended complaint.

    Also before the Court are Plaintiff's Applications to Proceed *In Forma Pauperis* (Docs. 5, 9), and his Motion to Enter Interregnum Order (Doc. 10).

I.        <u>Background</u>.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that he was in jail in the Curry County Detention Center, expecting to be released on June 4, 2015. (Doc. 8 at 3, 4). On April 5, 2015, he was transferred to a county facility in Muleshoe, Texas. (Doc. 8 at 4). He remained there until June 10, 2015. (Id.). He was then transferred to Roosevelt County Detention Center where he was held from June 10, 2015 to August 1, 2015. (Id.). From Roosevelt, he was transferred back to Curry County Detention Center, from where he was finally released on August 9, 2015. (Id).

Based on the foregoing, Plaintiff seeks to state a claim of false imprisonment against Curry County Detention Center, Roosevelt County Detention Center, and FNU Lieutenant Gallegos, an employee of Roosevelt County Detention Center. (Doc. 8 at 2-3). He does not identify the form of relief he seeks in this lawsuit except a demand for justice. (Doc. 8 at 5).

II.  Analysis.

A.  Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

B.  Pleading Standards Governing a § 1983 Claim.

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

C.  The Complaint Does Not State a Viable § 1983 Claim Against any Defendant.

1.  Claims Against the Detention Centers.

Plaintiff's claims against Curry County Detention Center and Roosevelt County Detention

3

Center must be dismissed with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017).

To the extent Plaintiff intends to pursue claims against a county detention facility, the proper defendant would be the Board of County Commissioners of the County of Curry or Roosevelt, respectively. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,"). If Plaintiff wishes to pursue claims against the Board Commissioners for Roosevelt and/or Curry County, he should file an amended complaint identifying that entity as a defendant. The legal standards governing such a claim are the following.

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction*

*Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). Municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, to state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

2. <u>Claims Against Lieutenant Gallegos.</u>

That Lieutenant Gallegos is employed by Roosevelt County is the only information about him in the Complaint. (Doc. 1 at 1). To state a viable § claim against Lieutenant Gallegos, Plaintiff must allege facts showing exactly what Gallegos did to Plaintiff in violation of his Constitutional rights. *Robbins*, 519 F.3d at 1250. Generalized allegations of wrongdoing, as vaguely alleged in the Complaint, are not sufficient to notify Gallegos of the basis of the claims against him. *Id.* (stating the principle of notice pleading). The claims against Lieutenant Gallegos shall be dismissed without prejudice.

3. <u>Plaintiff's Claims Also Fail on Substantive Grounds.</u>

False imprisonment violates the Fourth Amendment to the United States Constitution. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). To state a viable § 1983 false imprisonment claim, a plaintiff "must demonstrate the elements of a common law claim and show that [his] Fourth Amendment right to be free from unreasonable search and seizure has

been violated." *McGarry v. Bd. of Cnty. Comm'rs for Cnty. of Lincoln*, 294 F. Supp. 3d 1170, 1195 (D.N.M. 2018) (quoting *Trimble v. Park Cty, Bd. of Comm'rs*, 2000 WL 1773239, at *3 (10th Cir. 2000) (unpublished)). Under New Mexico common law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). "A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment[.]." *Id.*  Therefore, to state a claim for false imprisonment under § 1983, a plaintiff must allege facts showing that "a government official acted with deliberate or reckless intent to falsely imprison the plaintiff." *Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995). Plaintiff's Complaint does not satisfy the foregoing standards. The false imprisonment claim is subject to dismissal on this additional ground.

Finally, if Plaintiff intends to pursue his false imprisonment claim in an amended complaint, he will be required to show cause why the claim should not be dismissed based on the expiration of the statute of limitations. "[T]he statute of limitations for a Fourth Amendment claim for false arrest or imprisonment begins to run when the alleged false imprisonment ends." *Mondragon*, 519 F.3d at 1082 (alterations, internal quotation marks, and citation omitted). "The statute of limitations for § 1983 claims in New Mexico is three years[.]" *Id.* at 1081. Based on the allegations in the Complaint, it appears that Plaintiff's false imprisonment claim accrued in August of 2015. He filed the Complaint more than seven years later in January 2023.

D.      <u>Plaintiff May File an Amended Complaint.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109.

Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss this case with prejudice.

E. <u>Plaintiff's Application to Proceed *In Forma Pauperis*</u>.

Plaintiff's financial information reflects that he is unable to pay the $402 filing fee. (Doc. 5). His request to proceed *in forma pauperis* shall therefore be granted.

F. <u>Plaintiff's Motion to Enter Interregnum Order</u>.

Plaintiff's Motion to Enter Interregnum Order appears to seek review of this case on the merits despite the potential statute of limitations issue. At this stage of the proceedings, the Motion is premature. It shall therefore be denied without prejudice.

**IT IS THEREFORE HEREBY ORDERED** that:

(1)   Plaintiff's Amended Prisoner's Civil Rights Complaint **(Doc. 8)** is **DISMISSED** without prejudice.

(2)   Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order.

(3)   Failure to timely amend may result in dismissal of this action without further notice.

(4)   Plaintiff's Applications to Proceed *In Forma Pauperis* **(Docs. 5 and 9)** are **GRANTED**.

(5)   Plaintiff's Motion for Interregnum Order **(Doc. 10)** is **DENIED** without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE