IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYLER S. PHILLIPS,

    Plaintiff,

v.                                                             No. 2:22-cv-773 JCH-SCY

CURRY COUNTY DETENTION CENTER, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court upon review of Plaintiff Tyler Phillips' Second Amended Civil Rights Complaint, (Doc. 15), which fails to allege a plausible claim as he was previously directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se* and *in forma pauperis*. By Memorandum Opinion and Order entered May 2, 2024, the Court screened Plaintiff's original civil rights complaint, (Doc. 8), determined it failed to state a cognizable claim, and granted leave for Plaintiff to file an amended civil rights complaint consistent with the legal standards governing claims under 42 U.S.C. § 1983. (Doc. 11) ("Screening Ruling"). Plaintiff filed a Second Amended Civil Rights Complaint on June 24, 2024. (Doc. 15) (construed as "Amended Complaint"). For the reasons below, the Court finds the Amended Complaint is similarly deficient and will dismiss this case without prejudice.

1. Plaintiff's Original Complaint and Screening Ruling

    Plaintiff commenced this civil rights action on October 18, 2022. (Doc. 1). He amended his first complaint on October 10, 2023, before the matter was screened under 28 U.S.C. § 1915(e). (Doc. 8). For clarity, Plaintiff's First Amended Complaint, (Doc. 8), will be referred to as the Original Complaint. The Original Complaint alleges that Plaintiff was in jail in the Curry County

Detention Center, expecting to be released on June 4, 2015. (Doc. 8) at 3, 4. On April 5, 2015, he was transferred to a county facility in Muleshoe, Texas. Id. at 4. He remained there until June 10, 2015. Id. He was then transferred to Roosevelt County Detention Center where he was held from June 10, 2015 to August 1, 2015. Id. From Roosevelt, he was transferred back to Curry County Detention Center, and he was finally released from the Curry County Detention Center on August 9, 2015. Id. In his Original Complaint, Plaintiff seeks to state a claim of false imprisonment against Curry County Detention Center, Roosevelt County Detention Center, and FNU Lieutenant Gallegos, an employee of Roosevelt County Detention Center. Id. at 2-3. He does not identify the form of relief he seeks in this lawsuit except a demand for justice. Id. at 5.

The Court liberally construed the Original Complaint in the Screening Ruling, and determined it failed to state a cognizable claim against Defendants. *See* Doc. 11, entered May 2, 2024; *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints). The Court incorporates the Screening Ruling into this dismissal Memorandum Opinion and Order.

In the Screening Ruling, the Court dismissed Plaintiff's claims against the Curry County Detention Center and Roosevelt County Detention Center because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah,* 5 F. App'x 852, 853 (10th Cir. 2001); *Gaines v. U.S. Marshals Serv.,* 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center is not a suable entity). The Court explained that if Plaintiff intended to pursue claims against a county detention facility, the proper defendant would be the Board of County Commissioners of the County of Curry or Roosevelt. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings

2

by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,"). To facilitate Plaintiff's ability to amend, the Court set out the legal standards governing claims against a county. (Doc. 15) at 4-5 (explaining that to state a claim against a county, Plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged, citing *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

The Court dismissed Plaintiff's claims against Lieutenant Gallegos, individually, because Plaintiff failed to allege facts showing what Gallegos did to Plaintiff in violation of his Constitutional rights. (Doc. 11) at 5.

In addition, the Court held that Plaintiff's claims failed on substantive grounds. The Court explained that to state a viable § 1983 false imprisonment claim, Plaintiff must allege facts showing a government official acted with deliberate or reckless intent to confine or restrain Plaintiff, and acted with knowledge that he has no lawful authority to do so. (Doc. 11) at 5-6; *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006) (under New Mexico common law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so"); *Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995) (to state a claim for false imprisonment under § 1983, a plaintiff must allege facts showing that "a government official acted with deliberate or reckless intent to falsely imprison the plaintiff"). The Court held the allegations in Plaintiff's Original Complaint did not satisfy the foregoing standards. The Court further held that if Plaintiff intends to pursue his false imprisonment claim in an amended complaint, he must show cause why the claim should not be dismissed based on the expiration of the statute of limitations. (Doc. 11) at 5-6.

Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file within thirty days an amended complaint consistent with the legal standards governing claims under 42 U.S.C. § 1983. (Doc. 11) at 7. Plaintiff was warned that the failure to file a timely amended complaint could result in the dismissal of this case with prejudice. Id.

On May 23, 2024, Plaintiff filed a Letter with the Court, in which he states he was delayed in filing an amended complaint and raises issues relating to his state court conviction. (Doc. 13). The Court entered an Order Extending Amendment Deadline, granting an extension of the amendment deadline and explaining that, to the extent Plaintiff seeks to challenge the validity of a state conviction or sentence, he must file a habeas petition under 28 U.S.C. § 2254. (Doc. 14) at 1-2; *see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (a challenge to the validity of a conviction or sentence is properly brought under § 2254); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254."). The Court explained that Plaintiff may commence a separate habeas action by filing the petition in a new case and paying the $5.00 habeas filing fee or filing an application to proceed in forma pauperis. (Doc. 14) at 2. The Court also provided Plaintiff a § 2254 habeas petition form and blank motion to proceed in forma pauperis.

2. Plaintiff's Amended Complaint

On June 24, 2024, Plaintiff timely filed his Amended Complaint, which names as Defendants the "Board of County Commissioners of the County of Curry or Roosevelt," and "Curry County Detention Center." (Doc. 15) at 1, 3. The Amended Complaint restates the facts

4

regarding Plaintiff's detention in the Curry County and Roosevelt County Detention Centers and adds allegations relating to his state court conviction.

    A. <u>Plaintiff's Claims against the Curry County Detention Center</u>[1]

As explained in the Screening Ruling, a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah,* 5 F. App'x 852, 853 (10th Cir. 2001); *Gaines v. U.S. Marshals Serv.,* 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center is not a suable entity); *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's,* 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017) (in the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building."). Accordingly, the Court dismisses Plaintiff's claims in his Amended Complaint against the Curry County Detention Center.

    B. <u>Plaintiff's Claims against the Boards of County Commissioners</u>

As explained in the Screening Ruling, a county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). Municipal

---

[1] In his Amended Complaint, Plaintiff states he is pursuing this case, 22-cv-773-JCH-SCY, and that he is "still seeking my justice for … case 23-cv-105-DHU-KBM." (Doc. 15) at 2-4. The Court cannot incorporate claims from other cases Plaintiff has filed into this case. Plaintiff must file documents intended for other cases in those cases.

liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

In his Amended Complaint, Plaintiff does not allege any facts showing that an official policy is the moving force behind the injury alleged, and he does not demonstrate that the Boards of County Commissioners for Curry or Roosevelt County are responsible for a policy or custom that caused a constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (a § 1983 claim against the county must "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged"). There is also no indication that the Boards took any action with "the requisite degree of culpability" to establish municipal liability. *See Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019) (to state a claim against a county, a plaintiff must show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference"); *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (the "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy). To the extent Plaintiff intends to sue any supervisory defendant based on a theory of *respondeat superior*, such liability is not available in § 1983 actions. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell*, 436 U.S. at 694 (1978). Therefore, the Court dismisses Plaintiff's claims against the Boards of County Commissioners for Curry and Roosevelt Counties for failure to state a claim.

C. <u>Plaintiff's Civil Rights Claims Also Fail on Substantive Grounds</u>

Like his Original Complaint, Plaintiff's Amended Complaint fails to state a viable § 1983 false imprisonment claim. As explained in the Screening Ruling, to state a viable § 1983 false imprisonment claim, a plaintiff "must demonstrate the elements of a common law claim and show

that [his] Fourth Amendment right to be free from unreasonable search and seizure has been violated." *McGarry v. Bd. of Cnty. Comm'rs for Cnty. of Lincoln*, 294 F. Supp. 1170, 1195 (D.N.M. 2018) (quoting *Trimble v. Park Cnty. Bd. of Comm'rs*, 2000 WL 1773239, at *3 (10th Cir. 2000) (unpublished)).  Under New Mexico common law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach*, 439 F.3d at 1207.  "A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment[.]." Id.  Therefore, to state a claim for false imprisonment under § 1983, a plaintiff must allege facts showing that "a government official acted with deliberate or reckless intent to falsely imprison the plaintiff." *Romero*, 45 F.3d at 1480.  Plaintiff's Amended Complaint does not satisfy the foregoing standards.  Plaintiff does not allege that a government official acted with deliberate or reckless intent to falsely imprison Plaintiff, or that a government official confined or restrained Plaintiff without lawful authority to do so.  Additionally, Plaintiff does not show cause why this claim should not be dismissed based on expiration of the statute of limitations, as the Screening Ruling directed.  (Doc. 11) at 6.  As the Screening Ruling explains, the statute of limitations for § 1983 claims in New Mexico is three years, and it appears that Plaintiff's false imprisonment claim accrued in August of 2015 while Plaintiff initiated this lawsuit seven years later in January 2023.  *See Mondragon v. Thompson*, 519 F.3d 1078, 1081-82 (10th Cir. 2008) ("[T]he statute of limitations for a Fourth Amendment claim for false arrest or imprisonment begins to run when the alleged false imprisonment ends.") (alterations, internal quotation marks, and citation omitted).  Accordingly, Plaintiff fails to state a claim for false imprisonment.

D.  Plaintiff's Challenge to his State Court Conviction

Plaintiff states in his Amended Complaint that he "was falsely accused for a crime I didn't [] commit." (Doc. 15) at 3.  In the Court's Order Granting Deadline to Amend, the Court explained that if Plaintiff seeks to challenge the validity of a state conviction or sentence, he must file a habeas petition under 28 U.S.C. § 2254.  (Doc. 14) at 1-2; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (a challenge to the validity of a conviction or sentence is properly brought under § 2254); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254.").  The Court explained that Plaintiff may commence a separate habeas action by filing the petition in a new case and paying the $5.00 habeas filing fee or filing an application to proceed in forma pauperis.  (Doc. 14) at 2.  The Court also provided Plaintiff a § 2254 habeas petition form and blank motion to proceed in forma pauperis.  Id.  The Court again directs Plaintiff to file a habeas petition under 28 U.S.C. § 2254 if he seeks to challenge the validity of a state conviction or sentence, and the Court will send Plaintiff another § 2254 habeas petition and application to proceed in forma pauperis.

3. Conclusion

For each alternative reason above, the Court concludes that Plaintiff did not cure the pleading defects identified in the Screening Ruling, and his Amended Complaint fails to state a plausible claim for relief against the named Defendants.  Therefore, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Ordinarily, a dismissal with prejudice is entered where, as here, the Court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal." *Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1

8

(10th Cir. June 9, 2023). In this case, however, Plaintiff may be able to successfully prosecute his claims if he obtains a favorable ruling under § 2254 challenging the validity of his state conviction or sentence. Accordingly, the Court will dismiss the Amended Complaint and all claims in this case without prejudice to refiling. Plaintiff must file a new § 1983 case if he obtains § 2254 relief regarding his state conviction or sentence.

**IT IS THEREFORE ORDERED** that all claims in this case, including Plaintiff's Amended Complaint (Doc. 15), are DISMISSED without prejudice because the Amended Complaint fails to allege a plausible claim as directed under 28 U.S.C. § 1915(e). The Court will enter a separate judgment closing the civil case.

**IT IS FURTHER ORDERED** that together with a copy of this Order, the Clerk's office shall mail a blank 28 U.S.C. § 2254 habeas petition and a blank motion to proceed in forma pauperis.

_____
SENIOR UNITED STATES DISTRICT JUDGE